## MARIAH AVERY v. J. M. ELDER, ET AL.

**Decedent's Estates—Widow—Suit of Creditor.**

Where there is no administration of a decedent's estate and a suit is brought against the widow who has taken the property no recovery can be had where no averment is made that the personal property of decedent received by the widow was of greater value than she had a right by law to have set apart to her, before the payment of debts.

APPEAL FROM CLINTON CIRCUIT COURT.

March 1, 1876.

OPINION BY JUDGE PETERS:

Although it is alleged that W. C. Avery died intestate, it is not alleged that no administration had been granted on his estate, nor

is appellant sued as executrix de son tort, but she is sued as the widow, and it is alleged that after the death of her husband, she took into her possession all of his personal estate, worth over the amount of the judgments of appellees. It is also alleged that decedent was a soldier of the U. S. government in the late war and that appellant received the amount due him for a horse, for his back pay and the bounty due him for his services in the army to a greater amount than would be sufficient to satisfy said judgments. But it is not alleged in the petition that the personal estate of decedent, which was received by the widow, was of greater value than she had a right by law to have set apart to her before the payment of debts. As to the back pay and bounty received by her for the services of her husband in the late war, this court has repeatedly held that in such cases where the government has paid the money to the widow, or to the children of a soldier, it becomes the money of the widow, or children, and is not subject to the debts of the deceased soldier.

The allegations of the petition, therefore, are not sufficient to authorize a recovery against appellant in any aspect of the case presented. Wherefore the judgment is *reversed* and the cause remanded with directions to dismiss the petition.

*J. T. Montgomery, for appellant.*
*J. A. Brents, for appellees.*

